538 P.2d 1201

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Alonzo JARAMILLO, Defendant-Appellant.**

**No. 1694.**

Court of Appeals of New Mexico.

July 23, 1975.

Bruce S. Garber, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Santa Fe, Louis Druxman, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendant was convicted of unlawful possession of heroin in violation of § 54–11–23, N.M.S.A. 1953 (Repl.Vol. 8, pt. 2). He appeals. We affirm.

A. *Defendant had a fair trial.*

The State proved beyond a reasonable doubt that defendant was in unlawful possession of heroin found under the seat of his car.

Defendant contends that his conviction was not based on a clear and correct understanding of the facts; therefore, he was denied a fair trial.

A police officer testified that he found some caps of heroin in defendant's mouth which were tagged in, whereas the State later admitted out of the presence of the jury that the *tinfoil* found in defendant's mouth did not contain heroin. Defendant contends this conflict was not explained to the jury by the court or the district attorney. The defendant did not request that the State's admission be submitted to the jury. It was defendant's duty to request the admission and then explain to the jury in closing argument the conflict, if any, in the officer's testimony.

On this issue, the defendant had a fair trial. His conviction was based on a clear and correct understanding of the fact that heroin was found in defendant's car.

B. *Motion for psychiatric examination was properly denied.*

On March 12, 1974, defendant filed a motion for a psychiatric examination. On March 18, 1974, the motion was denied.

Defendant contends that defense counsel was prevented from making a thorough evaluation of a possible insanity defense at trial.

Rule 35(c) of the Rules of Criminal Procedure [§ 41–23–35(c), N.M.S.A.1953 (2d Repl.Vol. 6, 1973 Supp.)] provides:

> Upon motion of any defendant, and upon good cause shown, the court shall order a mental examination of the defendant before making any determination of competency under this rule. . .

The record is silent on any attempt of defendant to show good cause for a mental examination. The motion was properly denied.

C. *Section 54–11–23 did not violate defendant's constitutional rights.*

Defendant contends that § 54–11–23 violated his constitutional rights because he was a narcotic addict. There was no evidence that defendant was an addict. This point is without merit.

We affirm.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.